# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ELIZABETH GRACE,**

    **Plaintiff,**

**-v-**

    Case Nos. 2:17-cv-522
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

**CITY OF LANCASTER DEPARTMENT
OF TRANSPORTATION,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Joe Azbell and Greg Hintz's Partial Motion to Dismiss. (Doc. 17). Plaintiff has responded and Defendants have replied. (Docs. 23 and 24). For the reasons that follow, the Court **GRANTS** Defendants' Partial Motion to Dismiss.

### I. BACKGROUND

In December 2001, Plaintiff Elizabeth Grace was hired by the City of Lancaster Department of Transportation as a "Laborer 2." (Doc. 1, Compl. ¶ 13). Plaintiff was the first woman ever hired for that position. (*Id*. ¶ 14). Plaintiff sets forth numerous incidents of harassing and demeaning behavior by her co-workers that she alleges constitute sex and disability discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Ohio law.

Plaintiff initiated this case on June 16, 2017, against Defendants City of Lancaster Department of Transportation, Joe Azbell, Equipment Operator II, Greg Hintz, Superintendent, and John Does #1–3. Defendants Joe Azbell and Greg Hintz (collectively "Defendants") have filed a Partial Motion to Dismiss seeking to dismiss Plaintiff's federal Title VII and ADA claims against them.

## II. STANDARD OF REVIEW

Defendants bring this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to

threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants Azbell and Hintz move to dismiss Plaintiff's federal Title VII and ADA claims against them as set forth in Counts IV through VI of the Complaint. Plaintiff generally alleges claims for gender discrimination, disability discrimination, and sexual harassment. Defendants assert that neither Title VII nor the ADA allow for liability against an individual because an individual is not considered an employer under the liability provisions of either statute. Defendants also argue that Plaintiff is barred from pursuing federal discrimination claims against them in this Court because she did not pursue claims against them individually at the administrative level.

### A. Federal Title VII and ADA

Defendants move to dismiss only Plaintiff's federal claim for sex discrimination under Title VII and federal disability claim under the ADA. Plaintiff responded in opposition and requests that the Court deny Defendants' motion with respect to their state law claims; however, Defendants did not seek dismissal of those claims. Plaintiff has made arguments and cited caselaw in support of her state law claims only, suggesting that she does not oppose Defendants' partial motion to dismiss the federal claims against them.

3

The United States Court of Appeals for the Sixth Circuit has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII and similar statutory schemes." *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). In *Wathen*, the Sixth Circuit noted "[t]he liability schemes under Title VII, the [Age Discrimination in Employment Act], and the ADA are essentially the same in aspects relevant to this issue." (*Id*. at 404, n. 6). This Court has applied *Wathen* to claims against individuals brought under both Title VII and the ADA. *See Robinson v. Rueggeberg*, No. 1:15-cv-82, 2015 U.S. Dist. LEXIS 103287 (S.D. Ohio Aug. 6, 2015) ("As a matter of law, neither Title VII nor the ADA allow for liability against an individual."). Therefore, even accepting the facts alleged in the Complaint as true, Plaintiff has failed to state a Title VII or ADA claim against the Defendants. Plaintiff's federal Title VII and ADA claims against Defendants Azbell and Hintz in their individual capacities are therefore dismissed. All of Plaintiff's other claims remain pending.

**B.    Administrative Remedies**

The exhaustion of administrative remedies is a condition precedent to a Title VII, ADA or ADEA claim, and not a jurisdictional defect. *See Zipes v. TWA*, 455 U.S. 385, 392–98 (1982); *Hill v. Nicholson*, 383 F. App'x 503, 508 (6th Cir. 2010). Even though the requirement is not jurisdictional, Sixth Circuit courts still require that a federal court complaint alleging discrimination "be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002); *Collins v. Ohio Dep't of Job & Family Servs.*, No. C2-05-461, 2007 WL 2783661, at *15 (S.D. Ohio Sept. 24, 2007); *Sain v. Am. Red Cross*, 233 F. Supp. 2d 923, 929 (S.D. Ohio

2002). Thus, "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal" of a Title VII, ADA or ADEA action. *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753 (1979); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400–01 (6th Cir. 2008); *Lowe v. Hamilton Cty. Job & Family Servs.*, 2009 WL 818960, at *7 (S.D. Ohio Mar. 27, 2009).

To exhaust administrative remedies, a plaintiff must file a charge with the EEOC within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). Typically, a plaintiff may not file suit if he or she does not receive and act upon a right-to-sue letter from the EEOC. *See Sain*, 233 F. Supp. 2d at 927–28; *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). A lawsuit may only be "brought against the respondent named in the charge" filed with the EEOC or Ohio Civil Rights Commission. *See generally* 42 U.S.C. § 2000e-5(f)(1).

Applying these rules to Plaintiff's case, there is no dispute that Plaintiff named the City of Lancaster Department of Transportation in her administrative charge, but did not name Defendants Azbell or Hintz. Again, Plaintiff does not dispute Defendants' argument, but instead argues that she is still permitted to pursue her state law claims against Defendants. Again, Defendants have not moved to dismiss their state law claims, only the federal Title VII and ADA claims. Therefore, for the reasons set forth above, and the failure to file an administrative charge against Defendants Azbell and Hintz, Plaintiff's federal Title VII and ADA claims against them

in their individual capacities are hereby dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss. Plaintiff's federal Title VII and ADA claims against Defendants Azbell and Hintz in their individual capacities are hereby dismissed.

The Clerk shall remove Document 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                              *s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**